CHILDS *vs.* HART.

A declaration in replevin, in the *cepit*, must show a wrongful taking. But it is sufficient to alledge that the defendant took the property of the plaintiff, and unjustly detains the same. Such an allegation imports a tortious taking.

*Reynolds* v. *Lounsbury*, (6 *Hill*, 534,) distinguished from the present case; and the remark of Bronson, J. that " the plaintiff should have alledged that the defendant wrongfully took the property" disapproved.

DEMURRER to declaration. The declaration was in replevin in the *cepit*. It stated that George Hart was summoned to answer Jonathan Childs of a plea wherefore he took one piano then in the house occupied by Washington Gibbons, in the city of Rochester, of the said Jonathan Childs, and unjustly detained the same against sureties and pledges, until, &c. and thereupon the said Jonathan Childs complained, for that the said George Hart, the defendant, on the first day of April, 1848, at the city of Rochester, in a certain dwelling house then occupied by one Washington Gibbons, took one piano of him the said plaintiff, of great value, to wit, the value of one thousand dollars, and unjustly detained the same against sureties and pledges until, &c. wherefore, &c. The defendant demurred to the declaration and assigned for cause, among other things, "that it does not appear in and by the said plaintiff's declaration, whether the taking therein complained of was a legal or a tortious taking. There were other special causes assigned, but no point was made of them upon the argument

---

Childs *v.* Hart.

---

*H. Humphrey*, for the defendant.

*E. Darwin Smith*, for the plaintiff.

*By the Court*, WELLES, J. It is supposed that the precise question involved in this demurrer was decided against the present plaintiff in the case of *Reynolds* v. *Lounsbury*, (6 *Hill*, 534.) In that case the declaration was similar in its form to the present. The objection was not taken until after the defendant had pleaded over, and the cause had been moved on to trial. The case came before the late supreme court on a writ of error, and the objection was there overruled, upon the ground that the defendant should have demurred to the declaration, and that although the defect appeared upon the record, it was cured by the verdict. Bronson, Justice, in delivering the opinion of the court, remarks that "the plaintiff should have alledged that the defendant wrongfully took the property." The title of the revised statutes, on the subject of replevin, provides that "whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken, or shall be wrongfully detained, an action of replevin may be brought for the recovery thereof, and for the recovery of the damages sustained by reason of such unjust caption or detention, except in the cases hereinafter specified." (1 *R. S.* 522, § 1.) The action is not enlarged by the statute so as to extend to a greater or different class of cases than it embraced before; excepting that it will now lie for an unjust detention of goods where they came lawfully into the defendant's possession. The form of the declaration in this case is according to all the approved precedents, and the statute referred to does not assume to direct the form of the declaration, or of any of the pleadings in the action, excepting in the case of a wrongful detention merely; in which case it provides that the declaration must conform to the writ, and adds "and where the action is founded upon the wrongful taking and detention of the property, but such property for any reason shall not have been replevied and delivered to the plaintiff, the declaration shall not only alledge such wrongful taking, but shall also

alledge that the defendant continues to detain such property."
(§ 36.)   The 6th section gives the form of the writ in each case,
which form commences as follows :   " Whereas A. B. complains
that C. D. has taken and does unjustly detain (or 'does un-
justly detain,' as the case may be) one horse," &c.

There is no doubt but the declaration must show a wrongful
taking.   This was always so, and I think it clear that this dec-
laration shows such taking.   If it does not, then all the forms,
ancient and modern, have been wrong.   It is no more necessa-
ry, under the statute, than it was at common law, to show a
wrongful taking.   The taking must have been wrongful, at
common law, in order to sustain the action ; and the language
employed by the pleader in the present case, was always un-
derstood to import such wrongful taking.   The plaintiff here
alledges that the defendant took his property.   If a man takes
my property, *prima facie* it is an unlawful taking, and if un-
lawful, it is wrongful.

With respect to the remarks of Justice Bronson in *Reynolds
v. Lounsbury,* (*supra,*) it was unnecessary to the decision of
that case.   The decision was put upon the ground that the ob-
jection to the declaration came too late, and that the alledged
defect was cured by the verdict.   The question whether the
objection to the declaration, if properly taken, upon demurrer,
would have been good, does not seem to have received much
consideration, and the remark of the learned justice, if not en-
tirely *obiter,* was, I think, unguarded.   I do not think he would
himself, upon reflection, sanction it.

The plaintiff is entitled to judgment upon the demurrer,
with leave to the defendant to plead on payment of costs.

Judgment for the plaintiff.