## CHARLES G. TILL v. GEORGE H. BEYER.

*Replevin— Copartnership—Bailee of one Copartner.*

While one member of a partnership firm cannot replevy the property of the firm from the bailee of another member of the firm, if the pleadings admit the property replevied to be in the Plaintiff, by a failure of the answer to deny the allegation in the complaint, that the goods were the goods of the Plaintiff, and the fact that Defendant holds as bailee of a member of the firm is not stated in the answer, such defence cannot be made available.

THIS is an action to recover the possession of certain machines, alleged by the Plaintiff in the complaint to be " the goods and chattels of the Plaintiff."

The answer denied that the Defendant had become possessed of, or that he wrongfully detained the property in question. It also contains a denial of the value, and an allegation that no demand had been made upon him for the goods.

On the trial, articles of agreement were introduced, which proved a partnership between the Plaintiff and one German in a certain manufacturing business, and that the articles in suit were purchased by the Plaintiff for, and were used in, the said business. Testimony was given tending to show a demand and refusal; and conflicting testimony upon the same point was given by the Defendant.

The Defendant moved to dismiss the complaint—1st. On the ground that German, under the agreement, had an equal interest in the property; 2d. That Defendant's possession or detention of the property is not shown.

The motion was denied, and the Defendant excepted.

At the close of the evidence the case was submitted to the jury, who found a verdict for the Plaintiff.

The judgment entered upon this verdict was affirmed by the General Term of the First District, and the Defendant now appeals to this Court.

*A. B. Crane* for Appellant.
*Bogardus & Brown* for Respondent.

HUNT, CH.J.—The Appellant insists, with great earnestness, that the machines in question were partnership property; that they were in Defendant's possession by authority derived from the partner German, and that one partner cannot replevy property from the bailee of the other partner. I am of the opinion that these machines were the property of the firm, under the agreement read in evidence, and that each partner, therefore, had an ownership in the same. Without any careful examination of the point, I am also of the opinion that the other portion of the above proposition is sound law, to wit, that one partner cannot replevy property from the bailee of the other partner.

The Appellant's difficulty lies in the application of this law to the present case. In the first place, the pleadings admit the ownership of the property in the Plaintiff, without qualification. The allegation that the goods were the "goods of the Plaintiff" is a sufficient allegation of ownership (Childs *v.* Hart, 7 Barb. 370). This is not denied in the answer, and, under the Code, stands as an admitted fact.

In the second place, the answer made no claim of a holding by virtue of an authority from the partner German. It simply denies the possession, denies a demand, and contradicts the value. Evidence to sustain the alleged defence would have been inadmissible. In the third place, the Defendant did not contend, at the trial, that he held the possession under an authority from German, and asks a judgment on that ground; but insisted, and both German and the Defendant testified, that the Defendant had no possession in any character, or to any extent, and that he did not resist the right of the Plaintiff at once to take the property.

Thus, German says : " The goods were in my possession at the time they were taken, and not in Defendant's possession. I had possession of the rooms where they were. Beyer had nothing to do with the rooms. I hired the rooms. Beyer did no business there." So the Defendant Beyer testifies :—" I had not any pos-

session of the machines. I never exercised any control over those goods. I had nothing to do with the rooms where they were." In his motion for a nonsuit, the Defendant placed himself "on the ground that German, under the agreement, had an equal interest in the property." He makes no assertion, however, that he held by virtue of German's title.

The same thing is to be noticed in the Defendant's request to charge, when the case was submitted to the jury. They are—1st. "That under the agreement in evidence the Plaintiff is not entitled to recover." 2d. "That the Defendant's possession of the property is not proved, and Defendant is not liable." The Defendant's law is well enough, but there are no facts on which to base its application to the present case, and no attempt was made to raise it on the trial. It is not available to the Defendant on this appeal.

The next objection is, that the Defendant had no possession of the machines, and that no judgment could therefore be rendered against him. The Defendant requested the Judge so to decide, and excepted to his refusal. As I have already stated, and quoted their language, both German and the Defendant explicitly swore that the Defendant, in fact, had no possession of the goods. On the contrary, the Plaintiff testified that he discovered this property "at 37th street, in possession of the Defendant. I asked if he had those things in his possession, and he said he had. I asked him to give them up, and told him they were mine. He refused to give them up."

On his cross-examination he reiterates, in different language, that the Defendant insisted that he held the property for his brother, and would not give it up without an order from him.

The witness Freminau also testifies that the Plaintiff demanded of Beyer the goods belonging to him; that Beyer said he had some goods and machinery in his possession, and he held them for his brother, who had debts from German, and he could not give up any part of them without an order from his brother.

This evidence raised a fair question for the jury upon the point

of the Defendant's possession of the particular machines in question.

The judge was not only justified in submitting the question to the jury, but it would have been error to have ruled it as a question of law (Parker *v.* Jervis, Jan. Term, 1867*; Cobb *v.* Cornish, 16 N. Y. 602).

Some other exceptions were taken, but they are without merit; and the judgment should be affirmed.

Affirmed.

JOEL TIFFANY,
State Reporter.

* 1 Transcript Appeals, 88.