## HARVEY ROBINSON AND MELVILLE M. McDONALD, RESPONDENTS, v. WILLIAM GILFILLAN, APPELLANT.

*One partner cannot maintain trover against his copartner — How title to property passes from one partner to the firm,*

Plaintiffs and defendant were engaged in carrying on business as partners, the articles of copartnership providing that the capital contributed by the plaintiffs should belong to them respectively and exclusively. The plaintiffs purchased a lathe and other machinery, which were put in the shop in the custody of defendant, who was to carry on the business, and one-half the cost of which machinery was, by one of the plaintiffs, credited to each of them upon the books of the firm.

*Held,* that, by the credit of the cost of the machinery to the plaintiffs, the machinery became the property of the firm, and that the same having been removed by the defendant, the paintiffs could not maintain trover therefor.

APPEAL from a judgment in favor of the plaintiffs, entered in Onondaga county upon the report of a referee.

*D. Bookstaver,* for the appellant.

*Fuller & Vann,* for the respondents. It is well settled that a partner can maintain an action at law against his copartner, before a dissolution or an accounting, if the obligation, contract or thing, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts. (*Paine* v. *Thatcher,* 25 Wend., 450; *Venning* v. *Leckie,* 13 East, 7; *Crater* v. *Bininger,* 45 N. Y., 545; *Gridley* v. *Dale,* 4 id., 486; *Dennis* v. *Kennedy,* 19 Barb., 517; *Smith* v. *Barrow,* 2 T. R., 476; *Townsend* v. *Golway,* 19 Wend., 424; *Duncan* v. *Lyon,* 3 John. Ch., 362; *Sharp* v. *Warren,* 6 Price, 131.) If one tenant in common destroys the thing in common, the other may bring trover, for this amounts to a wrongful conversion. (Collier on Partnership, §§ 264–289, 382; Gow. on Partnership, 91, 92; Lindley on Partnership, 909–911; *Seldon* v. *Hickok,* 2 Caines, 167.)

TALCOTT, P. J.:

This is an appeal from a judgment for the plaintiffs, entered on the report of a referee.

The action is brought for the conversion of certain personal property, consisting of a lathe, and appurtenances, and tools, used in carrying on the business in which the parties, plaintiffs and defendant, were engaged in carrying on in copartnership. The business was the manufacture and sale of spring hinges, and was carried on by the parties under the name of " The Gilfillan Spring Hinge Company," at Syracuse, under articles of copartnership. The plaintiffs were the parties who, it was expected, were to contribute what capital was used in the business, and the defendant, Gilfillan, was to have charge of the manufacture of the hinges. The plaintiff McDonald was, by the articles of the copartnership, made the secretary and treasurer of the said firm, " with all the powers, duties and obligations usually imposed on such officers." The articles of copartnership provided that " the capital contributed by said Robinson and by said McDonald, for the use of the said firm, is to belong to them respectively and exclusively."

At or about the time of the formation of the said copartnership, the plaintiffs purchased and put into the shop used by the firm for carrying on the business, and in the custody of the defendant, one lathe, chucks for the same, and some tools and belting, in all of the value of $317.85, which they paid for in equal proportions, and the one-half of the money so paid by them was, by McDonald, credited to each of them on the books of the firm. About the middle of September, 1875, the defendant, without the knowledge of the plaintiff, removed the said lathes, chucks, tools and belting from the shop of the firm and refused to disclose what had become of them. The general rule is, that one joint-tenant, or tenant in common, cannot bring trover against his co-tenant for the chattel thus held in common, so long as it continues in the possession of the other tenant in common. A partner cannot sue his copartner for a fraudulent removal of the firm property. Each is entitled to the possession of the firm property. (Collier on Part., §§ 17, 18; *Champion* v. *Bostwick*, 18 Wend., 183; *Cary* v. *Williams*, 1 Duer, 667; *Tell* v. *Beyer*, 38 N. Y., 161.) The lathe, etc., having been charged to the firm by McDonald, presumptively with the assent of Robinson, became the property of the firm; nor, as we think, does the provision in the articles of copartnership, that the capital contributed by the plaintiffs is to

belong to them exclusively, make any difference. When the articles were charged to the firm, and the amount which they had cost credited to the plaintiffs respectively, the chattels became the property of the firm, and the amount which they had cost became a contribution to the capital of the firm, and would belong to the plaintiffs, subject to an accounting between the partners. If the chattels had only been loaned to the firm for use, the plaintiffs retaining the title, then, probably, the unauthorized removal of them from the shop of the firm would have been a conversion; but such does not seem to have been the fact.

The judgment is reversed, and a new trial ordered before another referee, costs to abide the event.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment reversed, and new trial ordered before another referee, costs to abide the event.