MAXIMILIAN FLEISCHMANN et al., Respondents, v. EMIL STERN, Appellant.

An order of General Term denying an application for a reargument is not reviewable here. Whether more than one argument of a question shall be had is exclusively for the court in which it is pending to determine.

In an action on a promissory note for $1,000, payable to the order of defendant, and indorsed by him, the complaint, after setting forth the note, alleged that it was indorsed to plaintiffs, before maturity, by defendant, in payment of an indebtedness of about $1,000 for goods theretofore purchased by him. The answer did not deny any of the allegations of the complaint; it alleged that the note was made for defendant's accommodation, and was indorsed to plaintiffs upon a usurious agreement, whereby they were to give him for the note $941.92, and a credit for $35.83 more, thus taking $7.10 more than lawful interest. The answer demanded a dismissal of the complaint, with costs and disbursements. *Held,* that the answer did not put the averments of the complaint in issue, and as, by the Code of Civil Procedure (§ 522), " each material allegation of the complaint not controverted by the answer    *    *    *    must, for the purposes of the action, be taken as true," defendant was not at liberty to deny the existence of the facts constituting the cause of action stated in the complaint, or to prove any state of facts inconsistent therewith ; that the omission to deny was equivalent to a formal admission of the truth of the averments and was conclusive as such.

Plaintiffs' evidence upon the trial was to the effect that they received the note, agreeing to credit it to the defendant's account then due, deducting for interest at the rate of nine per cent, which was done, leaving a balance to defendant's credit of $35.82, but that when defendant opened the negotiation he said the note was a business note, received from the makers in exchange for other paper, upon which statements plaintiffs relied. *Held*, that the effect of the transaction so stated was an extension of credit, and this was sufficient as between the parties to estop defendant from denying the truth of the representation; and as, if true, the note could lawfully be sold on the agreed terms, a refusal of the trial court to submit the question, as to the making of the representation, to the jury was error.

*Phœnix Ins. Co.* v. *Church* (81 N. Y. 218), *Lawrence* v. *Clark* (36 id. 128), distinguished.

(Argued June 30, 1882 ; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 11, 1881, which reversed a judgment entered upon a verdict and ordered a new trial. Also appeal from order of said General Term made April 1, 1881, denying a motion for reargument. (Reported below, 24 Hun, 265.)

The nature of the action and the material facts are stated in the opinion.

*A. R. Dyett* for appellant. The discount of the note by the plaintiffs at nine per cent was usurious, whether it were a loan or forbearance of money. (*Clark* v. *Sisson*, 22 N. Y. 312 ; Laws of 1837, chap. 430, § 5.) Assuming that the defendant represented the note to have been given for value, he was estopped from denying it to the extent only of the loss sustained by the plaintiffs through their reliance upon it. (*Payne* v. *Burnham*, 62 N. Y. 73.) The extension of time of payment of the defendant's already existing indebtedness by discount of the note in question is not a sufficient foundation for an estoppel *in pais ;* it is not a valuable consideration or parting with value sufficient for that purpose. (*Phœnix Ins. Co.* v. *Church*, 81 N. Y. 218, 221 ; *Lawrence* v. *Clark*, 36 id. 128 ; *Philbrick* v. *Dallett*, 12 Abb. [N. S.] 419, 424, 425 ; *Barnard* v. *Campbell*, 58 N. Y. 76.) Receiving the note in payment of

the prior debt is not parting with value. (*Lawrence* v. *Clark*, 36 N. Y. 128, 129; *Cardwell* v. *Hicks*, 37 Barb. 458; approved, 36 N. Y. 130 ; *Phœnix Ins. Co.* v. *Church*, 81 id. 218–221 *et seq.*) The plaintiffs, if they took the note believing it to be a valid one, lost no right to recover on the original indebtedness. (*Jagger* v. *Walker*, 26 N. Y. 521; *Phœnix Ins. Co.* v. *Church*, 81 id. 221; *Gernig* v. *Sitterley*, 56 id. 214, 217 ; *Patterson* v. *Birdsall*, 61 id. 294; *Cook* v. *Barnes*, 36 id. 520.) Plaintiffs, having elected to sue on the note, are bound by this election. (*Morris* v. *Rexford*, 18 N. Y. 552.) The entire scope and meaning of the complaint was not proved by a cause of action against Emil Stern for goods sold, especially for goods sold to him alone. (*Southwick* v. *First Nat. Bank*, etc., 84 N. Y. 420–427–8–9 ; *Miner* v. *Beekman*, 50 id. 337, 341; *Larned* v. *Hudson*, 57 id. 151, 153 *et seq.* ; *Barnes* v. *Quigley*, 59 id. 265–7–8; *McMichael* v. *Kilmer*, 76 id. 36, 40.) This is not a case for conforming the pleadings to the facts proved. (*Williams* v. *Birch*, 6 Bosw. 674; *Volkening* v. *Degraff*, 81 N. Y. 268, 272; Code, § 723; *Southwick* v. *First Nat. Bank, etc.*, 84 N. Y. 420–427–8–9; *Chapin* v. *Dobson*, 78 id. 74; *Reedre* v. *Sayre*, 70 id. 170; *Quimby* v. *Claflin*, 13 N. Y. Weekly Dig. 203, 204; *Storrs* v. *Flint*, 46 N. Y. Sup. Ct. 519, 520.)

*C. Bainbridge Smith* for respondents. Plaintiffs having discounted the note in payment of an antecedent debt they were *bona fide* holders for value. (*Seneca Co. B'k* v. *Nease*, 3 N. Y. 443; *Grocers' B'k* v. *Penfield*, 7 Hun, 279; affirmed, 69 N. Y. 502 ; *Hargar* v. *Worral*, id. 370; *Archer* v. *Shea*, 14 Hun, 493 ; *Oates* v. *Nat. B'k*, 100 U. S. [10 Otto] 230, 250.) The right to sue the defendant for goods sold and delivered was suspended until the note became due and payable. (*Battle* v. *Coit*, 26 N. Y. 404; *Place* v. *McIllvaine*, 38 id. 96; *Jagger Iron Co.* v. *Walker*, 76 id. 521.) The debt owing by the defendants to the plaintiffs was due, and by taking the note they extended the payment seventy-nine days, and this constituted a valuable consideration. (*Casey*

v. *White*, 52 N. Y. 138 ; *Earl* v. *Peck*, 64 id. 596 ; *Hubbard* v. *Gurney*, id. 458 ; Story on Prom. Notes, § 186 ; *Pratt* v. *Coman*, 37 N. Y. 440, 443.) As before plaintiffs would accept the·note the defendant represented to them that it was business paper, he was, therefore, estopped from setting up that the note was without consideration as between him and the makers, and also from interposing the defense of usury. (Statement of Facts, 2, *supra; Ferguson* v. *Hamilton*, 35 Barb. 427, and cases cited; *Mason* v. *Antony*, 3 Keyes, 609 ; *S. C.*, 3 Abb. Ct. of App. 207 ; *B'k of Genesee* v. *Patchen B'k*, 13 N. Y. 316 ; *Bowe* v. *Shutt*, 2 Den. 621, 622 ; *Holmes* v. *Williams*, 10 Paige, 326 ; *Cont. B'k* v. *Nat. B'k*, 50 N. Y. 575 ; *Baylis* v. *Cockroft*, Ct. of App., 22 Alb. L. J. 56.) An estoppel is available against the indorser as well as the maker of a promissory note. (*B'k of Genesee* v. *Patchen B'k*, 13 N. Y. 316 ; *Mason* v. *Anthony*, 3 Keyes, 609.) When a usurious security is taken for a valid debt, the avoidance of the security or its non-payment revives the debt. (*Farm. & Mech's. B'k* v. *Josleyn*, 37 N. Y. 353 ; *Gerwig* v. *Sitterly*, 56 id. 214 ; *Jagger Iron Works* v. *Walker*, 76 id. 521 ; *Patterson* v. *Birdsall*, 64 id. 294 ; *Cook* v. *Barnes*, 36 id. 520 ; *Winsted* v. *Webb*, 39 id. 325 ; *Hill* v. *Beebe*, 13 id. 556 ; *Conlan* v. *Wood*, 6 Weekly Dig. 379 ; *Rice* v. *Welling*, 5 Wend. 595, 597.) The taking of the note did not merge or extinguish the existing indebtedness. (*Jagger Iron Co.* v. *Walker*, 76 N. Y. 521 ; *Whitaker* v. *Whitaker*, 4 Hun, 810 ; *Van Etten* v. *Troudden*, 67 Barb. 342 ; *First Nat. B'k* v. *Morgan*, 6 Hun, 346 ; *S. C.*, 73 N. Y. 593.)

DANFORTH, J.   There are two appeals in this case : one from an order of the General Term, reversing the judgment herein and granting a new trial, the other ·from an order of that court denying the defendant's application for a reargument. Over the latter we have no jurisdiction.   Whether more than one argument of a question shall be had, is exclusively for the court in which it is pending to determine.

In the first order we find no error.   The plaintiffs are mer-

chants. They brought this action upon a promissory note of $1,000, bearing date October 13, 1877, made by Z. Stern & Co., payable three months after date, to the order of the defendant, and indorsed to the plaintiffs, in payment of an indebted-ness to them, of about $1,000, for goods theretofore pur-chased by him.' These facts are stated in the complaint. The defendant denied none of them, but pleaded that the note was made for his accommodation, and indorsed to the plaintiffs upon a usurious agreement, whereby they were to give him $941.92 for the note, and a credit on their books for $35.83 more, thus taking to themselves $22.25, the difference between the face of the note and these sums, being $7.10, in addition to legal interest while the note should be running to maturity, and demanded as an affirmative judgment that the complaint be dismissed and that " he recover his costs and disbursements and an allowance of five per cent on the plaint-iffs' claim."

It is obvious that this demand by one, who, if the contract was illegal, was himself a party to it, has nothing to commend it to the court, and there was no reason why it should not have been denied under the provision of the Code that " each material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true." (§ 522.) Here the complaint stated a clear cause of action, and under the pleadings the plaintiffs were not required to prove any thing, nor was the defendant at liberty either to deny the existence of the facts constituting the cause of action, or to prove any state of facts inconsistent with such admission. (*Tell* v. *Beyer*, 38 N. Y. 161.) It is true that the agreement set up in the answer as the one by which the plaintiffs acquired the note is different from the one stated for that purpose in the complaint, but that is not enough to put the latter in issue (*West* v. *American Exchange Bank*, 44 Barb. 175 ; *Marston* v. *Swett*, 66 N. Y. 206, 210 ; 23 Am. Rep. 43), and so it was thought at the trial. The defendant took the burden upon himself, and if we now assume with the appellant's counsel that the evidence given established the agreement stated by the

answer, it could not help defendant, nor enable him to avoid the effect of an omission to controvert by answer the plaintiff's allegations. The Code (§ 522, *supra*) gives to such omission the force of a formal admission and makes it conclusive as such upon the parties and upon the court. (*Paige* v. *Willet*, 38 N. Y. 28 ; *Tell* v. *Beyer, supra.*) But in the next place, while it appeared from the evidence of one of the plaintiffs upon his examination in behalf of the defendant, that at the time the plaintiffs received the note, they agreed to credit it to the defendant's account then due for goods sold, deducting for interest at the rate of nine per cent, and that this was done, leaving a balance to the defendant's credit of $35.83, it was also shown that when the defendant applied to the plaintiffs to take the note, he said it was a business note received from Z. Stern in exchange for other paper. If this was so, the defendant could not be permitted to assert the contrary. His claim that the contract of indorsement between himself and the plaintiffs was illegal has no force, when it appears that the plaintiffs acted upon his persuasion and to his advantage, in the belief caused by him that the note was the subject of lawful sale, and valid in his hands. (*Roe* v. *Jerome*, 18 Conn. 138 ; *Payne* v. *Burnham*, 62 N. Y. 69; *Mason* v. *Anthony*, 3 Abb. Ct. of App. Dec. 207.)

The account was enforceable by action at the time of the transfer of the note, and its effect was to suspend that right until maturity, for until that time the creditor could neither legally commence nor sustain a suit for the original indebtedness. (*Putnam* v. *Lewis*, 8 Johns. 389 ; *Fellows* v. *Prentiss*, 3 Denio, 512.) The transaction then in effect was an extension of credit, and this was sufficient, as between the parties, to prevent the defendant from denying the truth of the representation, upon faith in which the forbearance of the creditor, or extension of credit, had been obtained. (*Boyd* v. *Cummings*, 17 N. Y. 101 ; *Continental Bank* v. *National Bank*, 50 id. 575.) The plaintiffs' title then is as good by estoppel as it would have been if every thing asserted by the defendant in regard to the note had been true. The cases (*Phœnix Ins. Co.* v. *Church*,

81 N. Y. 218; 37 Am. Rep. 494; *Lawrence* v. *Clark*, 36 N. Y. 128) cited by the learned counsel for the appellant in support of an opposite view, relate to the effect of such a transaction upon the prior equities of third persons, and have no application to a controversy between the parties to the transaction. To hold otherwise would give the defendant an advantage from his own fraud, and to prevent this is the very object and foundation of an estoppel *in pais.* (*Dezell* v. *Odell*, 3 Hill, 215; *Pickard* v. *Sears*, 6 Ad. & Ell. 469.)

We think, therefore, the plaintiffs were entitled to have the jury inquire whether the representation was in fact made, and as the trial court refused their request in that respect, the General Term were right in granting a new trial. As the defendant by his stipulation has made another trial impossible, it is unnecessary to consider the other questions raised.

The appeal from the order denying a reargument should be dismissed, with costs, and the order reversing the judgment and granting a new trial should be affirmed, and judgment absolute in accordance with the stipulation be rendered for the plaintiffs, with costs.

All concur, except MILLER, J., absent.

Judgment accordingly.