### HAND *v.* BELCHER MOSAIC GLASS CO.

*(City Court of New York, Trial Term.  March 29, 1890.)*

PLEADING—ANSWER—DENIAL.
    In an action for breach of contract, an averment that defendant "refused" to deliver certain goods, as required by the contract, is material, and is not denied by allegations of the answer that nothing is due plaintiff as damages, and that defendant is and always has been "ready and willing" to deliver the goods.

Action by Elwood S. Hand against the Belcher Mosaic Glass Company for money alleged to be due on a contract by which defendant agreed, in consideration of the insertion of an advertisement in a book about to be published by plaintiff, to pay "$220 in trade, on publication of book and delivery to" defendant of specimen copy. The complaint alleged that $220 in goods was due under the contract, and that defendant had refused to deliver said goods, though plaintiff had demanded them. Defendant did not deny the averment of refusal as required by the contract, but he denied that anything was due as damages for breach of the contract, but averred that it was and always had been "ready and willing" to deliver the goods. The court directed a verdict for plaintiff, on the ground that the answer admitted the averments of the complaint.

*C. De Hart Brower*, for plaintiff.    *Charles E. Crowell*, for defendant.

McADAM, C. J.  The stipulation for the payment of $220 in trade means that the defendant was to give the plaintiff goods to the amount stated, at market prices, and, upon refusal to deliver the goods, the defendant became liable to pay as damages $220.  2 Wait, Act. & Def. 455; and see *Pinney* v. *Gleason*, 5 Wend. 393; *Rockwell* v. *Rockwell*, 4 Hill, 164; *Fletcher* v. *Derrickson*, 3 Bosw. 181.  The action being founded on the breach, the averment of refusal to deliver was a material allegation, which the defendant was bound to deny, or, in default, be regarded as having admitted the fact to be as charged.  Code, § 522; Gould, Pl. 141.  Not having denied the allegations of refusal, the defendant was not at liberty to prove anything inconsistent with the admission.  *Tell* v. *Beyer*, 38 N. Y. 161; *Fleischmann* v. *Stern*, 90 N. Y. 110.  If there was but a qualified refusal to deliver on the part of the defendant, it might conscientiously have denied the unqualified refusal alleged, or have pleaded facts showing that the refusal was not unqualified, but upon conditions which the law regarded as an excuse for non-compliance at the time. This was not done.  The allegation that the defendant was "ready and willing" to furnish goods to the plaintiff is unavailing, in view of the admission that it "refused" to deliver.  The allegation in the answer of readiness to deliver is not equivalent to performance in the face of the conceded fact of re-

fusal, which is conclusive evidence of the breach that gives the right of action. The answer created no issue, and the direction to find for the plaintiff was right. It follows that the motion for a new trial must be denied.