RAMSAY *v.* BARNES.

*(Common Pleas of New York City and County, General Term.   January 5, 1891.)*

1. PLEADING—EFFECT OF ANSWER—ADMISSIONS.
   The complaint in an action against R., after alleging the making by him of a promissory note signed "G., per R., Atty.," and its indorsement to plaintiff, alleged that thereafter it was agreed between plaintiff and defendant that "the matter was not one of G., but a personal one of the defendant," and that defendant owed plaintiff a certain sum, which was the true balance then due upon said note. The answer, while denying in their precise words the other averments of this allegation, did not refer to the statement of the personal obligation of defendant. *Held*, that the fact was thereby admitted, and the force of the admission was not affected by proof of a written statement showing a different state of facts, made by defendant, but not signed by him, and not enforceable against him as an agreement.

2. LIMITATION OF ACTIONS—PARTIAL PAYMENTS—PLEADING AND PROOF.
   To meet a plea of the statute of limitations, plaintiff, since he is not bound to anticipate the defense, may prove a partial payment, not alleged in his complaint.

3. SAME—EVIDENCE—OPINION OF WITNESS.
   A question to a witness, whether anything has been paid on account of the debt sued for, does not necessarily call for a conclusion or opinion; and testimony to such payments, given without objection or cross-examination as to the circumstances, may be sufficient to take such debt out of the statute of limitations.

4. SAME—SUFFICIENCY OF EVIDENCE.
   On a question whether certain money paid by defendant to plaintiff was a payment on account of his indebtedness to plaintiff, taking the debt out of the operation of the statute of limitations, or was a loan from him to her, plaintiff testified that she asked defendant for money on account of the debt to pay her rent, and her brother testified that defendant told him two days afterwards that he had paid the money to plaintiff on account; while defendant testified that no request was made for payment, but that, on plaintiff telling him she was in arrears for rent, and about to be dispossessed, he gave her his check, which stated that it was for rent of her house. *Held*, that a finding that the payment was on account of the debt was sustained by the evidence.

Appeal from trial term.

Action by Emma K. Ramsay against Reon Barnes to recover a balance claimed to be due on a certain promissory note made by defendant, as follows:
"550.                                        NEW YORK, April 25, 1875.

"Two months after date I promise to pay to Jacob Ramsay, Jr., or order, five hundred and fifty dollars, for value received, with interest at the rate of 7 per cent. per annum, having deposited with him as collateral security, with

---

[1] No opinion.

authority to sell the same at public or private sale on the non-performance of this promise, and without notice, 1 bond for $500 of the North River & New York Steam-Boat Co., numbered 171.

"GAYBERT BARNES.

"Per REON BARNES, Atty."

Defendant appeals from a judgment for plaintiff entered on trial by the court, a jury having been waived. For former reports, see 9 N. Y. Supp. 958, and 11 N. Y. Supp. 950, *mem.*

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*John H. Post*, (*William B. Hornblower*, of counsel,) for appellant. *Joseph M. Williams*, for respondent.

DALY, C. J. It was found by the trial judge—*First*, that the note in question was made and delivered by Reon Barnes for value received; *second*, that it was indorsed and delivered to the plaintiff by the payee for good and sufficient consideration, together with the bond; and, *third*, that thereafter, and on or about March 14, 1877, it was agreed between the plaintiff and defendant that the matter was not one of Gaybert Barnes, but a personal one of the defendant, and that at that date he owed the plaintiff the sum of $518.55, and that that was the true balance due upon said note.

The first point of the appellant upon this appeal is that there is absolutely no evidence to support the third finding of fact, upon which alone the conclusion of law is based that plaintiff is entitled to judgment against defendant. It would seem that the appellant has overlooked the clear admission of this fact in the pleadings. The complaint alleges: "*Third*. That thereafter, and on or about the 14th day of March, 1877, it was agreed between the plaintiff and the defendant that the matter was not one of Gaybert Barnes, but a personal one of the defendant, and that at that date he owed the plaintiff the sum of five hundred and eighteen 55-100 dollars, and that that was the true balance then due upon said note." The only denial in the answer of these allegations is as follows: "*Third*. Denies that it was agreed between the plaintiff and the defendant on or about March 14, 1877, that the defendant then owed the plaintiff the sum of $518.55, or that that sum was the true balance then due upon the said promissory note, as is alleged in the third paragraph of the complaint." A denial so worded as to put in issue in the precise words of the allegation certain averments of the third paragraph of the complaint, and referring expressly to that paragraph, which contains the whole charge or statement of the personal obligation of the defendant, and which yet avoids all reference to the latter, has all the force of an express admission of the portion which is not denied. It was not necessary for the plaintiff to give evidence of an allegation so admitted. It is claimed, however, that by introducing a certain paper drawn up and delivered by the defendant on the 14th of March, 1877, (but not signed by him,) the plaintiff showed that there was no such transaction as alleged in the complaint. That paper recited that Reon Barnes had purchased the note and bond in question, and that $518.55 is the true balance due upon said purchase. It was offered by plaintiff as a memorandum made by defendant showing the amount admitted to be due, and the testimony was that it was given as an agreement as to the amount due. It was not an agreement. It was not enforceable against the defendant. It was a mere statement by him, which cannot have the effect of destroying the force of his solemn admission in the pleadings as to the admission and agreement that the obligation to which he affixed the name of Gaybert Barnes as principal and his own as attorney was in fact his own contract. It is argued, however, that there was no consideration for any such agreement. As the agreement was admitted by the pleading, neither the question of consideration nor any other question affecting its validity could be raised. Besides, no such objection was made at the trial,

when it might have been obviated by proof. The same consideration disposes of the suggestion that, the note being signed on behalf of Gaybert Barnes as principal, it could not be shown by parol to be the engagement of a third party. *Briggs* v. *Partridge*, 64 N. Y. 363. But, even if the agreement had not been admitted in the pleadings, and even if the objection had been taken at the trial, there is no force in this suggestion; for this is the case of a note signed by the party sought to be charged, though he signed it apparently as agent of another. A party may sign a note by any name he pleases, and if he intend to bind himself by it he is liable upon it. *De Witt* v. *Walton*, 9 N. Y. 571; *Brown* v. *Bank*, 6 Hill, 443. So in this case, while Reon Barnes signs the name of Gaybert Barnes with his own name, as "atty." he admits and agrees that it is his obligation, and therefore he is bound by it.

The remaining question upon this appeal arises under the statute of limitations, which was pleaded as a defense, the note in question having matured on June 28, 1876, and the action having been commenced on December 26, 1886. The plaintiff alleged in her complaint that the defendant made two payments of $20 each on account of said note in or about March, 1878, and that she received $75 as a dividend upon the bond about January 1, 1880, and that on December 15, 1885, the defendant paid her $266.66, leaving the balance sued for, of $429.94. The answer denies the making of any of these payments on account of the note, and denies any knowledge of the payment of any dividend upon the bond, and counter-claims the sum of $266.66, which he alleges he lent to the plaintiff on December 15, 1885. All of these payments were proved, and, in addition, a payment of $41, in 1883. Evidence of this last amount was objected to because not alleged in the complaint. But a plaintiff is not bound to anticipate a plea of the statute by setting forth in his complaint the payments that he intends to rely upon to take the case out of its operation. Further objection is made that the circumstances under which the payment was made are not shown, and that proof of a mere payment of a particular sum is not evidence of an acknowledgment that more was due. It is sufficient answer that the witness was permitted, without objection, to state the several payments in answer to the question: "Has anything been paid by the defendant on account of this amount due?" This question did not necessarily call for a conclusion nor an opinion of the witness, but for a fact. He was not cross-examined as to the circumstances of each payment, nor was objection made that such circumstances were not shown. The testimony of payment was therefore competent as evidence of a part payment of an acknowledged indebtedness to the amount due. As to the payment of $266.66 on December 15, 1885, which plaintiff claims to have been a payment on account, and which defendant claims to have been a loan made by him to plaintiff, the testimony was conflicting; but there was ample evidence to sustain the finding. The plaintiff swore that she went to defendant, and asked for money on account of the money loaned, (for it appeared without contradiction that the note was originally given by defendant for a loan of money to him from the plaintiff, through her brother, the payee of the note, and that the note was taken for her benefit,) that she asked for the money to pay her rent, and he drew the check for her. The witness Jacob Ramsay testified that two days after he met defendant on the treasury steps on Wall street; he was on the opposite side, and defendant whistled to him. He went over, and defendant said: "I saw Emma the other day, and gave her $250 on account. Now, Jake, I will fix up the balance of that as soon as possible." Defendant testified that no request was made for a payment, but that plaintiff called upon him, and said she was in arrears for rent, and was about to be dispossessed, and he gave her his check, payable to her order, and bearing on its face the statement: "(for rent of No. 40 W. 38th St. for mo. of Dec.)" The check was produced. Upon the evidence of the original loan from plaintiff to defendant of the money for which this note

was given, (which, as I have said, was not contradicted,) upon the admission in the pleading of an agreement that the note was his personal obligation, upon the guarded testimony given by him upon commission: "No recollection of ever assuming the payment of the note set out in the complaint, or of agreeing with the plaintiff that I owed her the sum of $518.55, or any sum, upon said note; and I think I never did,"—and upon the testimony of the plaintiff and her brother, as opposed to that of the defendant, there does not seem to have been room for any other conclusion than that arrived at by the learned trial judge upon the case before him. The judgment should be affirmed, with costs. All concur.