## EAST RIVER ELECTRIC LIGHT CO. v. CLARK.

(*Common Pleas of New York City and County, General Term.* April 4, 1892.)

**1.** REVIEW ON APPEAL—JUDGMENT ON PLEADINGS.
Where judgment is directed on the pleadings, the only question on appeal is whether or not the answer raises any issue for trial.

**2.** ACTION BY CORPORATION—PROOF OF ORGANIZATION.
Under Code Civil Proc. § 1776, providing that a plaintiff corporation need not prove its incorporation upon the trial, unless the answer contains an affirmative allegation that it is not a corporation, an allegation in the answer that defendant has no knowledge or information sufficient to form a belief as to an incorporation alleged in the complaint does not require plaintiff to prove the same.

**3.** ACTION ON CONTRACT—PLEADING.
In an action upon a specific agreement the answer did not deny the same, but set up another and different agreement, under which a less sum was admitted due. *Held*, that the answer was insufficient under Code Civil Proc. § 500, providing that the answer must consist of a general or specific denial of each material allegation of the complaint, or a statement of new matter constituting a defense or counterclaim.

**4.** PLEADING—FAILURE TO DENY ALLEGATIONS.
A cause of action confessed by non-denial is not open to traverse or contrary proof on the trial.

**5.** SAME.
An allegation in an answer that defendant was indebted $100 "and no more," on an agreement therein set up, distinct from that set up in the complaint, on which $400 is alleged to be owing, does not qualify the admission of the latter allegation by failure to deny it.

Appeal from city court, general term.

Action by the East River Electric Light Company against Francis A. Clark upon a specific agreement. Judgment for plaintiff on the pleadings. Defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Samuel Lobenthall*, for appellant. *Michael J. Kelly*, for respondent.

PRYOR, J. The appeal being from the judgment only, we have no jurisdiction to review the facts. But, as judgment was directed on the pleadings, there is, in truth, no question of fact in controversy; and the only point for adjudication is whether the answer raised any issue for trial.

1. The complaint contains the averment that the plaintiff was and is "a domestic corporation," etc. The answer alleges merely that the defendant "has no knowledge or information sufficient to form a belief as to the plaintiff being a domestic corporation." As a general rule of pleading under the Code, it is a sufficient denial to aver that the defendant "has no knowledge or information sufficient to form a belief" as to the fact traversed; but the rule is qualified by section 1776, which provides that "in an action brought by a corporation, the plaintiff need not prove, upon the trial, the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that the plaintiff is not a corporation." Plainly, the answer here dispensed with proof of plaintiff's incorporation. *Refining Co.* v. *Hepworth*, 13 Civil Proc. R. 122.

2. The complaint alleges a specific agreement, and that under it the sum became due for which judgment is recovered. The answer does not deny that agreement; but sets up another and different agreement, under which a less sum is due, and for that sum makes an offer of judgment. By the Code (section 500) an answer must consist of a general or specific denial of each material allegation of the complaint, or a statement of new matter constituting a defense or counter-claim. A statement in an answer of a condition of fact inconsistent with the averments of the complaint is not equivalent to a general denial, so as to defeat an admission of the allegations in the complaint. *Wood* v. *Whiting*, 21 Barb. 190; *West* v. *Bank*, 44 Barb. 176; *Powers* v. *Railroad Co.*, 3 Hun, 285, 286; *Swinburne* v. *Stockwell*, 58 How. Pr. 312; *Marston* v. *Swett*, 66 N. Y. 206, 210; *Fleischmann* v. *Stern*, 90 N. Y. 110. The cause of action presented in the complaint, being confessed by nondenial, was not open to traverse or contrary proof on the trial. *Paige* v. *Willett*, 38 N. Y. 31. The mere allegation in the answer that defendant was indebted a hundred dollars, "and no more," by virtue of the contract which he set up, is no qualification of his admission that he was owing $400 under the contract on which the action proceeded. Defendant's admission of plaintiff's cause of action for $400, and his own voluntary confession of indebtedness for $100 on another and different contract, would seem to entitle plaintiff to judgment for $500, instead of operating in any way to defeat or reduce the judgment recovered. The case was properly disposed of below; and the judgment is affirmed, with costs.