main obligation unless expressly reserved.   Irrespective of their nego-
tiable character, coupons are mere evidence of accruing interest.

Time was not the essence of the underwriting contract.   If that
contract be deemed an executory one, still, when the underwriters
paid the contract price, they were entitled to the delivery of the
property contracted to be sold.   Payment was only the final act
necessary to make the contract complete.   The bonds with their cou-
pons attached had been delivered by the plaintiff to the trust com-
pany, and it could not prevent the delivery of them when the sub-
scribers paid the stipulated price.

The complaint demands judgment restraining the threatened sale
of the coupons, and the injunction must have been granted under
the provisions of section 603 of the Code of Civil Procedure.   That
section provides that it must appear by the complaint that the plain-
tiff is entitled to the relief demanded, and unless that does appear
an injunction pendente lite cannot issue.   Heine v. Rohner, 29 App.
Div. 239, 51 N. Y. Supp. 427.   The complaint does not state that it
was agreed between the plaintiff and the underwriters that the bonds
should not be deemed issued until taken up by the subscribers under
the terms of their agreement, or that the bonds were not to bear in-
terest until paid for, or that payment of interest on the note should
be deemed payment of interest on the bonds.   Without some one of
these allegations no cause of action is stated against these defendants.
If the affidavits may be resorted to, and if the written agreement of
the underwriters is not controlling and parol evidence may be given,
still the supporting affidavits do not help the situation, for they are
silent on these vital points.   In any aspect of the case, we see no
escape from the conclusion that the plaintiff is not entitled to an in-
junction even during the pendency of the action.

The order should be reversed and injunction dissolved, with $10
costs and disbursements.   All concur.

---

### DRISCOLL v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   June 10, 1904.)

1. PLEADINGS—ALLEGATIONS OF COMPLAINT—FAILURE TO CONTROVERT—EFFECT.
   The allegation in the complaint in a suit to enjoin the maintenance
   of an elevated railroad in front of plaintiff's premises that none of the
   owners of the premises had consented to its construction and operation,
   and that none of the defendants had acquired the easements, property
   right, or ownership of plaintiff in the street, which is not controverted
   by the answer, must be taken as true, under Code Civ. Proc. § 522.

2. SAME—SEPARATE DEFENSES—AVAILABILITY.
   The separate defenses in a suit to enjoin the maintenance and operation
   of an elevated railroad in front of plaintiff's premises that defendant had
   acquired easements so to do, either through a conveyance or through an
   estoppel, are unavailing, in the absence of a denial of the allegation in the
   complaint that none of the owners of the premises had consented to the
   construction and operation of the road, and that defendant had not ac-
   quired an easement so to do.

3. STIPULATIONS—EFFECT.

    A party stipulating that certain allegations of a pleading are true cannot thereafter claim the contrary.

Appeal from Special Term, Kings County.

Action by Daniel Driscoll against the Brooklyn Union Elevated Railroad Company and another. From a judgment for plaintiff (85 N. Y. Supp. 1000), defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles L. Woody, for appellants.

Cyrus V. Washburn (George W. Sickels, on the brief), for respondent.

HOOKER, J. This is an ordinary action in equity to enjoin the maintenance and operation of an elevated railroad in one of the streets of the borough of Brooklyn, in front of the premises owned by the plaintiff. Among the allegations of the complaint is the following:

    "(9) That none of the several owners of said premises at any time consented to the erection of said structure or the running of said trains, and the defendants have never acquired the easements, property right, or ownership of the plaintiff in said street."

Nowhere in the answer are the allegations of this paragraph in the complaint in any manner controverted, and, under the provisions of section 522 of the Code of Civil Procedure, those allegations must be taken to be true. That section reads as follows:

    "Each material allegation of the complaint, not controverted by the answer, and each material allegation of new matter in the answer, not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true. But an allegation of new matter in the answer, to which a reply is not required, or of new matter in a reply, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires."

For a separate defense the answer alleges that after the erection of the elevated structure in the street, and before the commencement of the action, the plaintiff's mother, assuming to act as executrix of the will of the father of the plaintiff and as plaintiff's guardian—plaintiff then being one of the owners of the premises—executed and delivered to the defendant, the then owner of the elevated railroad, one of the predecessors of the defendants, a release conveying a perpetual right to maintain the elevated railroad structure and to operate the railroad thereupon, and, for a further separate defense, alleges that the plaintiff, then over the age of 21 years, was a subscribing witness to the release, and knew full well its contents; that a valuable consideration was paid for the release, to the plaintiff's mother; that the plaintiff has never repudiated the assumed authority of his mother to execute the release, and has ratified and confirmed the same; and that the plaintiff is now estopped from denying that the defendants possess the rights and easements in the street sufficient to defeat plaintiff's claim. These allegations of separate defenses, however, are unavailing to the defendants in the absence of a denial in the answer of the allegations contained in the ninth paragraph of the complaint, above quoted. Marx v. Gross (decided in the New York

¶ 3. See Stipulations, vol. 44, Cent. Dig. § 44.

Superior Court, General Term) 2 Misc. Rep. 511, 22 N. Y. Supp. 393, was an action for damages for the nondelivery of goods, and it was there said:

"The allegation of the complaint of the contract, not being controverted by the answer, was to be taken as true for the purpose of the action. Code Civ. Proc. § 522; Fleischmann v. Stern, 90 N. Y. 110. For the purpose of determining the basis of the cause of action, the allegation of the answer of a contract of other terms or of a different character has no function or effect."

Fleischmann v. Stern, supra, is to the same effect. See, also, Ramsay v. Barnes (Com. Pl.) 12 N. Y. Supp. 726; Hand v. Belcher Mosaic Glass Co. (City Ct. N. Y.) 9 N. Y. Supp. 738; East River Electric Light Co. v. Clark (Com. Pl.) 18 N. Y. Supp. 463.

The unavailability of this defense to the defendants is enhanced by the terms of the stipulation upon which the case was tried. The action was submitted to the Trial Term upon an agreed statement of facts, and it was there stipulated between the parties "that all the allegations of the complaint are true, except as to the amounts alleged in the twelfth paragraph of the complaint as damage for loss of rents and as to the damage to the fee value of said premises; it being hereby agreed that the fee and rental damage to said premises caused by the maintenance and operation of said railroad is the sum of six hundred dollars. Said complaint is hereto annexed, and marked 'Exhibit A.'" By this stipulation the allegation of the complaint that the defendants have never acquired the easements and property rights or ownership of the plaintiff in the street was admitted, and they could not later be heard to claim that they had actually acquired such easements, either through the act of Mrs. Driscoll, who assumed to release under the authority of her husband's will, or through the estoppel of the plaintiff himself, who signed the release as a subscribing witness to his mother's signature. Under the pleadings and the stipulation, therefore, no such issue was presented, and the judgment in favor of the plaintiff for the amount agreed upon in the stipulation was right.

The learned court at Special Term has, however, considered questions which were there deemed to have been presented in this case, and we may say upon those questions that we agree with the reasoning and conclusions reached in its opinion.

The judgment should be affirmed, with costs. All concur; BARTLETT and JENKS, JJ., in result.