### KELLER v. PRINCE.

(Supreme Court, Appellate Term. May 27, 1912.)

1. EVIDENCE (§ 444*)—TESTIMONY VARYING WRITING—NOTES.

In an action on a note, testimony that it was delivered on a condition precedent was not inadmissible as varying the terms of a written instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. § 444.*]

2. PLEADING (§ 428*)—OBJECTIONS—WAIVER.

In an action on a note, exclusion of testimony offered by defendant to show that the note was given on a condition precedent cannot be sustained on the ground that admission in the answer of delivery of the note precludes such proof, where plaintiff did not move for judgment on the pleadings and went to trial knowing that defendant denied existence of a binding contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1433–1436; Dec. Dig. § 428.*]

Appeal from City Court of New York, Trial Term.

Action by Lena Keller, as executrix of Leon S. Keller, against Adolf Prince. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Harry A. Gordon, of New York City, for appellant.

Katz & Sommerich, of New York City (Maxwell C. Katz and Otto C. Sommerich, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff has brought an action upon a promissory note. The answer denies the allegations of the complaint, except that it admits that the defendant made and delivered his "writing," containing all the terms of the promissory note set forth in the complaint, and that it admits presentation for payment, nonpayment, and protest. In a separate defense the defendant sets forth that the defendant made and delivered an instrument in the form of a promissory note, being the instrument more particularly described in the complaint, upon a condition precedent, however, which has never been fulfilled.

[1] At the trial the defendant produced a witness who testified, apparently without objection, that the instrument sued upon was delivered upon an express condition precedent. The plaintiff then moved to strike out this testimony, on the ground that the evidence

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

seeks to vary the terms of a written instrument, and this motion was granted. There can be no doubt but that this evidence did not vary the written instrument, and should not have been stricken from the record on this ground. Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892.

[2] The respondent, however, seeks to sustain the ruling on the ground that the answer expressly admits the delivery of the instrument, and that this admission is binding upon the defendant and precludes him from setting up other facts inconsistent with this admission. Fleischmann v. Stern, 90 N. Y. 110. There is some force in his contention that the defense that a contract was delivered upon a condition precedent may be shown under a general denial, and that the admission of the making and delivery of the contract would be sufficient to give the plaintiff judgment on the pleadings, even if the answer thereafter sets up a statement of the transaction inconsistent with the admission. I do not think, however, that in this case we are called upon to consider the question whether the answer contains any admission of the making and delivery of a contract or promissory note, or merely an admission of the delivery of a writing in the form of a note. Pleadings are intended to apprise parties of the issues which they must meet. They are not intended as a means by which an unwary suitor may be trapped. In this case the plaintiff failed to move for judgment on the pleadings, but went to trial fully apprised that the defendant intended to show that there was no delivery of any binding contract. At no time did he object that the pleadings were technically insufficient to permit this defense. Under such circumstances the rulings of the trial judge cannot be sustained in any strained interpretation of the admissions of the answer.

Judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.