■ SUZANNE NELSON, Appellant, v JOHN NELSON, Respondent.—Orders, Supreme Court, New York County, each entered on February 3, 1977, denying plaintiff's motion for a trial preference or alternate relief, and denying her motion for exclusive occupancy of the marital apartment, unanimously affirmed, without costs and without disbursements. This case does not appear to be ready for trial, and, accordingly, Special Term did not abuse its discretion in denying a trial preference. Nor did it err in denying the alternate and additional relief sought. The present record indicates that plaintiff withdrew a substantial·sum of money from the parties' joint accounts, had the lease to the marital apartment changed to her name and that relief similar to that now sought had been denied her just several weeks earlier by another Justice at Special Term. Concur—Murphy, P. J., Lupiano, Capozzoli and Lane, JJ.

■ FRANCES SANDERS, Appellant, v COLISEUM EXPOSITION CORPORATION et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered July 7, 1976, granting the motion and cross motion to dismiss the complaint for lack of prosecution, unanimously affirmed, without costs or disbursements. This action was commenced in April, 1973 relating to an accident which occurred on March 3, 1970. Issue was joined by December, 1973 and then pretrial discovery took place until September, 1974. However, from that time until June, 1975, when the defendants served a 45-day notice pursuant to CPLR 3216, nothing was done to bring the case to trial. In the case at bar, the plaintiff offered no justifiable excuse for the delay in prosecuting this case, nor was there any meritorious cause of action shown against any of the defendants. We further note that the mere appearance by the plaintiff at an examination over two months after the 45-day notice was served did not extinguish the obligation to file a note of issue (CPLR 3216, subd [e]). Concur—Murphy, P. J., Lupiano, Capozzoli and Lane, JJ.

■ In the Matter of the Arbitration between ELMER BREGMAN, Appellant, and EDWARD A. LASHINS, JR., et al., Respondents.—Judgment, Supreme Court, New York County, entered January 25, 1977, denying the petition to stay the arbitration, unanimously affirmed. Appeal from an order of the same court entered February 25, 1977, denying the petitioner's motion for reargument, unanimously dismissed as nonappealable (see *Fleischman v Stern,* 90 NY 110; *Matter of Robinson,* 30 AD2d 702) with one bill of $40 costs and disbursements of these appeals to respondents. A partnership agreement provided for arbitration of any "dispute or controversy arising under, out of, in connection with or in relation to this agreement * * * or the breach thereof, or in connection with the dissolution of the partnership". The said agreement also provided for the entity's books and records to be maintained at the partnership's principal office in New York, and it is alleged in the demand for arbitration that the petitioner has retained these items in Florida. The respondents seek in the arbitration to have a turnover of the books and records and a termination of petitioner's authority to act for the partnership, and the petitioner seeks to stay the arbitration. The arbitration should go forward as directed by the court at Special Term. Whether the arbitrator has the power to grant the relief sought will depend on the circumstances that are developed in the course of the arbitration. (Cf. *Matter of Staklinski [Pyramid Elec. Co.],* 6 NY2d 159.) Concur—Kupferman, J. P., Lupiano, Silverman and Markewich, JJ.