## WILLIAM K. BEARD, APPELLANT, *v.* SIDELL TILGHMAN AND OTHERS, RESPONDENTS.

*Pleading — evidence inadmissible under the answer — conforming the answer to the proofs after objection to the evidence — a failure to deny an allegation of the complaint — it excludes an inconsistent affirmative defense.*

William K. Beard, as assignee of the administrator of Samuel G. Jones, brought an action for the alleged conversion of certain bonds which Jones in his lifetime had pledged, in order to secure a loan, to Henry H Walker, who in turn pledged them to the defendants in the action as a margin for stock operations.

The complaint alleged that Walker pledged the bonds to the defendants in 1886, which the answer did not deny.

The answer set up, however, as an affirmative defense, that in 1882 the defendants were brokers; that they had advanced Walker money, and that as collateral security therefor they had received the bonds in question in good faith, and that when they were notified of the claims upon the bonds Walker was indebted to them in a much larger amount than the value of these bonds and all other securities of his which they held as collateral to such indebtedness.

Upon the trial of the action the defendants were allowed to show that Walker delivered the bonds to them in 1882, and that they were held as margin for his general account and to secure subsequent advances until the commencement of this action in 1889; although the objection was made that the answer alleged that the advance was made at the time that the bonds were delivered; and after all the evidence was in the court, on its own motion, conformed the affirmative defense in the answer to this proof.

Upon an appeal by the plaintiff from a judgment in favor of the defendants:

*Held,* that the court had no power to make such amendment.

That as the plaintiff had duly objected to the evidence, he was entitled to rely upon his exception, and could not be deprived of it by the action of the court in conforming the answer to the proof.

That the exception when offered was good, and if it made an amendment of the answer necessary this should have been done before the introduction of the evidence.

The complaint alleged that the bonds were deposited by Walker with the plaintiffs, in 1886, to secure an antecedent debt.

The answer did not deny this, but set up the affirmative defense above stated.

*Held,* that by failing to deny the allegation of the complaint the defendants admitted it and could give no proof of the new matter contained in their affirmative defense, because such new matter was inconsistent with the allegation which they failed to deny.   (Patterson, J., dissenting.)

Appeal by the plaintiff, William K. Beard, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 20th day of February, 1892, upon a verdict directed for the defendant after a trial at the New York Circuit before the court and a jury.

The action was begun in 1889 to recover the value of certain bonds.   It was alleged in the complaint among other things :

II.  That at the times hereinafter mentioned, one Samuel G. Jones, of Sewanee, Franklin county, Tennessee, was the owner of ten certain bonds of the city of Pensacola, in the State of Florida, numbered 1046 to 1055, both inclusive, and each of the par value of $500.

III.  That on or about the 28th day of February, 1882, the said Samuel G. Jones, being the owner aforesaid of the said bonds, deposited the same with one Henry H. Walker, of the city of New York, as collateral security for a loan made by said Walker to said Jones, and on or about the 1st day of October, 1886, there was due said Walker from said Jones a balance on account of the said loan amounting to the sum of $470.

IV.  That on or about the said last-mentioned date the said Walker was indebted to the said defendants herein in a large sum of money, of the amount of which the plaintiff is not informed, and, being so indebted, did transfer and deliver to the defendants the said bonds without the knowledge or consent of the said Jones, the owner thereof.

V.  That thereafter, and on the 4th day of October, 1886, the said Samuel G. Jones died intestate, at Winchester, Franklin county, Tennessee, and on the 22d day of February, 1887, letters of administration on the goods, chattels and credits which were of said Samuel G. Jones, deceased, were duly issued to one Charles P. Jones, who thereupon duly qualified as such administrator.

VI.  And the plaintiff further alleges that on the 18th day of December, 1889, the said Charles P. Jones, as administrator, etc.,

of Samuel G. Jones, deceased, for value received, duly assigned, transferred and set over to the plaintiff herein the said bonds and coupons thereto attached, and all his right, title and interest in and to the same, their value or proceeds, and all his right of action of any kind whatsoever arising from or concerning the said bonds, as will more fully appear by the said assignment which the plaintiff will produce on the trial of this cause.

VII. Thereafter, and on the 30th day of December, 1889, the plaintiff duly tendered to the said defendants the sum which was due by said Samuel G. Jones, deceased, to said Walker on account of the said loan, and the interest on the same, and demanded the return and delivery of the said bonds and coupons, and the defendants refused to accept said sum and interest or to return or deliver the said bonds and coupons and converted the same to their own use, to the plaintiff's damage, in the sum of $6,000.

The answer alleged as a separate defense :

1. That heretofore, and in and about the year 1882, the said defendants, through their said firm of Tilghman, Rowland & Co., then being bankers and brokers and doing businesss as such in the city of New York, in the course of such business advanced and loaned to one Henry M. Walker, of said city, certain large sums of money, at his request, and received from him, to be held by them as collateral security for the repayment of the sums so loaned, with interest, among other securities, five certain negotiable bonds of the city of Pensacola, in the State of Florida, then in the possession of the said Walker, who claimed to be the owner thereof, which bonds, these defendants are now informed and believe, are the bonds mentioned and described in said complaint ; that at the time of making the said loan to the said Walker, and at the time of receiving the said bonds from him as collateral security as aforesaid, and for a long time thereafter, the said defendants had no notice, knowledge or information that he was not the lawful owner and holder thereof, or that he might not or could not lawfully transfer good title thereto.

2. Said defendants further allege that at the time when they were first informed of the plaintiff's claim in respect of said bonds, there was still due and owing to them from said Walker, on account of the said loan so made to him, and that there is still due and owing

to them on account thereof an amount largely in excess of the aggregate market-value of all securities, including the said bonds held by them as collateral security for the payment thereof.

A further statement of facts will be found in the dissenting opinion of PATTERSON, J.

*W. H. Arnoux*, for the appellant.

*C. N. Morgan*, for the respondents.

VAN BRUNT, P. J.:

I cannot agree with the conclusion arrived at by Mr. Justice PATTERSON in this case.

The court had no power at the close of the case to conform the affirmative allegations in the answer to the proof, for the reason that the evidence at the time it was offered, to which the allegations in the answer were made to conform, was objected to, and admitted under exceptions. Under these circumstances, the court had no power to conform the pleadings to the proof, because the party whose objection had been overruled had a right to rely upon his exception, and the rights which such exceptions gave to him could not be taken away by the device of conforming the allegations of the pleadings to the proof offered, such exception having been well taken at the time the proof was offered. If any amendment to the pleadings was necessary, it should have been made prior to the introduction of the evidence if the evidence was objected to, and, for the reasons stated, it is apparent that such a motion could not be made under such circumstances at the close of the case.

There is another error which was committed during the progress of this trial, and which is fatal to the judgment. The allegation in the complaint is that the deposit of the bonds in question took place on or about the 1st of October, 1886, to secure an antecedent debt. This allegation is not denied in the answer. It is true that the answer sets up new matter or an affirmative defense which is inconsistent with this allegation in the complaint. But it is a well-settled rule of pleading that no proof can be admitted in support of new matter contained in the answer which is inconsistent with an allegation in the complaint, which is not denied. In other words, a party cannot be permitted, after admitting a fact, to offer evidence to

controvert it. This rule is illustrated in the case of *Fleischmann* v. *Stern* (90 N. Y., 110). In that case the action was brought upon a promissory note payable to the order of the defendant and indorsed by him ; and the complaint, after setting forth the note, alleged that it was indorsed to the plaintiff, before maturity, by the defendant in payment of an indebtedness. The answer did not deny any of the allegations of the complaint, but alleged that the note was made for accommodation, and was indorsed to plaintiff upon a usurious agreement, and demanded a dismissal of the complaint. Held, that the answer did not put the averments of the complaint in issue ; and, as by section 522 of the Code, every material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true, the defendant was not at liberty to deny the facts constituting the cause of action stated in the complaint, or to prove any state of facts inconsistent therewith, and that the omission to deny was equivalent to a formal admission of the truth of the averments, and was conclusive as such.

Now, in the case at bar, the affirmative defense depends upon the fact of the deposit of these bonds with the defendants in February, 1882, whereas, the admission in the pleadings is that they were deposited on or about the 1st of October, 1886. The evidence, therefore, was clearly incompetent, and, under the pleadings as they existed during this trial, the defendants could not be permitted to show a different state of facts from that which was admitted by their failure to deny this allegation of the complaint. As far as this condition of the pleadings was concerned, there was no attempt at amendment. The motion to conform the pleadings to the proof related to the affirmative allegation in the answer only.

I think there was fatal error, and that a new trial should be granted, with costs to appellant to abide event.

O'BRIEN, J. :

*Fleischmann* v. *Stern* (90 N. Y., 110), is authority for the proposition that an affirmative defense, though inconsistent with the allegation of the complaint, when not coupled or accompanied by a denial of such allegations, raises no issue. When the objection was first taken to the admissions of transactions prior to 1886, upon the ground that such year was the one admitted by the failure to deny,

the counsel for defendants saw their position and made a motion to amend the answer, which was denied. This left the issues as the parties had made them by the pleadings, and as there was an admission by the failure to deny that the bonds were delivered as collateral security in 1886, it was error to permit evidence of transactions in 1882, and plaintiff's objection thereto and exception were good. Conforming the pleadings to the proof, which was done by the court on its own motion, was expressly limited to the affirmative defense. This in no way affected or cured the error committed in allowing evidence contrary to the facts admitted by the pleadings. I, therefore, concur with the presiding justice.

PATTERSON, J. (dissenting):

The appeal in this cause is from a judgment entered upon the verdict of a jury directed by the court at circuit.

On the trial it appeared that the plaintiff was the assignee of the administrator of one Samuel G. Jones, who, in 1882, was the owner of ten negotiable bonds issued by the city of Pensacola, in the State of Florida, which bonds the said Jones, in his lifetime, had pledged to one Henry H. Walker as collateral security for a loan made by Walker thereon. While these bonds were thus in possession of Walker they were delivered by him to the defendants' firm as margin for a speculative account Walker had with that firm in the purchase and sale of stocks and other securities. On the 1st of October, 1886, Walker was indebted to the defendants in a certain sum, and on the 30th of December, 1889, the plaintiff tendered to the defendants the sum which they alleged was due by Samuel G. Jones, deceased, to Walker, and demanded the return of the bonds and certain coupons connected with such bonds, and the defendants refused to accept the amount tendered and interest, or to return or deliver the bonds and coupons.

The action was brought for the alleged conversion of these bonds and coupons. The defendants, in their answer, admit the tender and demand. They deny the allegations respecting the ownership of the bonds by Samuel G. Jones, and the relations claimed to have existed between Samuel G. Jones and Henry H. Walker, with respect to such bonds and the amount of the alleged indebtedness of Jones

to Walker, but they technically admit, by failing to deny, that the bonds, on or about the 1st day of October, 1886, were transferred or delivered by Walker to them as security, without the knowledge or consent of Jones, the owner thereof. They, however, set up affirmatively, as a distinct defense, that in the year 1882 the defendants, then being bankers and brokers in the city of New York, in the course of business, advanced and loaned to Henry H. Walker certain sums of money, and received from him to be held as collateral security for the repayment of sums so loaned, the bonds in question and other securities, and that they had no notice, knowledge or information as to who was the lawful owner or holder thereof, and that when they received notification that the bonds did not belong to the plaintiff there was still a balance due from Walker on account of the loan made to him, and that there was still, at the time the answer was interposed, an amount due them largely in excess of the aggregate market-value of all the securities held by them, including said bonds.

At the trial it appeared in evidence that the bonds in question were delivered by Walker to the defendants as margin on a general account Walker had with them and upon which there was an apparent balance against him at the time of the delivery of such bonds in a very large sum exceeding the value of all the securities they held as collateral, and that this speculative account was continued for several years after 1882, and that these bonds were continuously held during the whole currency of that account. The date of the deposit of these bonds becomes important in view of one of the questions arising upon the appeal. The learned justice at the trial permitted the defendants to show, notwithstanding the condition of the answer, that these bonds were not transferred and delivered to the defendants on or about the 1st day of October, 1886, but in the year 1882, and that they were held as margin on a general account extending from and before December, 1882, and continuing until the action was brought. It is claimed that under the condition of the pleadings it was error on the part of the learned judge to allow this evidence to be given, but it is quite apparent that on the rulings made the whole case was put before the jury on the affirmative defense set up in the answer, and that there was no surprise caused to the plaintiff; for the particular defense was plainly stated and

indicated in the answer, and after all the evidence was in, an amendment was allowed to conform the answer to the proofs, and, therefore, we think that there was no such error in the ruling of the court in this regard as would compel a reversal of the judgment on the ground claimed. The case of *Fleischmann* v. *Stern* (90 N. Y., 110), we do not regard as controlling this, under its special circumstances and in view of what was done at the trial.

This brings us to the consideration of the substantial question of law presented by the record. On the entire proof, the learned judge at circuit directed a verdict for the defendants, holding that they acquired a good title to the bonds as against Walker and the plaintiff, and that there was nothing to go to the jury under the issues as framed by the pleadings when conformed to the proofs.

With reference to this aspect of the case, it is strenuously urged by the appellants that the defendants under the pleadings and proofs are not *bona fide* holders of the securities, the subject of this action. These are bonds virtually payable to bearer, and it is claimed by the appellant that their use in the particular transaction under consideration is controlled by the general principles of law relating to the diversion of negotiable paper, and that the defendants could acquire no other or different rights than would have been acquired by them, had promissory notes been given them as collateral. We may assume, for the purposes of this appeal, that these bonds are to be treated as negotiable paper would be, and that a pledge of them as security for an antecedent debt of Walker to the defendants would not be valid as against the real owner, except to the extent of an advance actually made at the time of the deposit; but we do not consider, in view of the nature of the transaction had between the defendants and Walker respecting these bonds, that they were pledged for an antecedent indebtedness in the manner or under circumstances that would render applicable the rule respecting diverted paper. It fully appeared that there was a current, unadjusted account of Walker with the defendants and that it was the ordinary account of a customer with his brokers who bought and carried for him securities upon margin.

There was no liquidated, fixed or presently enforceable indebtedness at all. It was a transaction not completed, and by which the defendants were bound to carry the account until default was

made by Walker in placing with the defendants such money or securities, by way of margin, as they were entitled to demand.   They applied to him for more margin, and the result of his depositing the securities with them under such circumstances was precisely the same as if they had been originally deposited in the transactions, or for the account which they were carrying. and when this deposit was made the defendants bound themselves to the continuance of the account.   They could not sell any of the stocks they had bought for Walker, and a consideration sufficient to support the pledge was furnished in their maintaining the account for him.   We think the learned judge in the court below was entirely right in his charac-terization of these transactions as not being ordinary loans, and that "the plain object of the transaction was to secure the defendants and to enable Walker to continue his speculative account without submitting to the loss which would result to him had his stocks been sold on a declining market for the want of a sufficient margin." We must take into consideration the nature of the general account which existed between the defendants and Walker, and so doing, it cannot, in any just sense, be said that these negotiable bonds were given as security for an antecedent debt, but they were furnished to be used as general security on transactions, which, although they had originated before the bonds were thus given as security, never-theless had not reached a point at which an enforceable indebtedness had accrued absolutely, but only one which would have accrued after selling the securities or stocks carried, had Walker failed to furnish money or otherwise provide margin for the continuance of the account.

It is contended, however, by the defendants, that even if they did assume the obligation to further carry Walker's speculative account by receiving the bonds in suit, they were only holders for value to the extent of the liability which they actually incurred at that time, by such obligation to hold the securities, and not for any liability arising out of their subsequent transactions; but, here again, we must have regard to the nature of the transactions had between the defendants and Walker.   The bonds in question were not pledged as collateral for any one particular item, but for the whole general account.   That is distinctly testified to by Mr. Tilgh-man.   It is true that Mr. Walker testified that they were given for

PEOPLE ex rel. EQUITABLE G. L. CO. v. BARKER. 21

First Department, November Term, 1892.

no other purpose than as additional security for a loan which he then had with the firm, and upon which they held other securities as collateral, but it is apparent from the account and the transactions themselves, that these particular bonds, with other securities, were intended to cover all the transactions that entered into the speculative account at the time they were given, and the pledge was intended as security for whatever transactions might be had under that general account, and the advances made by the brokers on such subsequent transactions, and until they were notified of the real ownership, were on the faith of the pledge of such securities, and under the peculiar and exceptional situation of the parties, such advances as were made from time to time until the notification referred to was given, must be regarded as having been specifically made upon the faith of the pledge.

On the whole evidence we are of opinion that the direction of the verdict was correct, and that the judgment should be affirmed, with costs.

Judgment reversed and new trial granted, with costs to appellant to abide event.