# First National Bank of Pittsburg v. McKinley Coal Company, Appellant.

*Equity—Findings of fact—Review—Corporations.*

A judge's findings of fact in an equity case to the effect that debts alleged to be the debts of a corporation, and paid out of its assets, were in fact the individual debts of the officers of the corporation, will not be disturbed in the absence of manifest error.

Argued Oct. 26, 1904. Appeal, No. 129, Oct. T., 1904, by defendant, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 6, on bill in equity, in case of First National Bank of Pittsburg v. McKinley Coal Company, W. H. McKinley, Ernest H. McKinley et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Bill in equity for discovery, etc.

The bill substantially averred as follows :

1. The plaintiff is a national bank.

2. The first named defendant is a corporation under the laws of the state of West Virginia.

3. The other defendants are stockholders, and William H. McKinley the president, and Ernest H. McKinley the secretary and treasurer of the McKinley Coal Company.

4. The McKinley Coal Company, chartered July, 1896, engaged in the coal business and owned towboats, coalboats, etc., to the value of $150,000.

5. The McKinley Coal Company was indebted to the plaintiff in the sum of $11,650.21, and execution thereon was returned nulla bona.

6. The McKinley Coal Company sold its business to the Monongahela River Consolidated Coal & Coke Company for bonds and stocks of the Monongahela River Consolidated Coal & Coke Company worth about $170,000.

7. The defendants, William H. McKinley and Ernest McKinley, S. O. Rhodes, S. H. Pearsall, Edward A. Brahm and others, without making provision for the payments of plaintiff's debt, distributed to themselves the stocks and bonds of

the McKinley Coal Company, leaving no assets to pay the plaintiff's debt.

8. Ernest H. McKinley owns in his own name 1,000 shares of the preferred stock, 200 shares of the common stock which is the property of the McKinley Coal Company, and were transferred to himself while he was secretary and treasurer of the company.

The prayer of the bill was for a discovery of the stockholders, for the application of the stocks and bonds received by the Monongahela River Consolidated Coal & Coke Company, for an injunction against Ernest H. McKinley restraining him from selling or pledging the stock of the Monongahela River Consolidated Coal & Coke Company held by him.

The findings and conclusions of law of COLLIER, J., are as follows:

1. The bonds, stocks and notes received by the defendants, William H. McKinley, president, and Ernest H. McKinley, secretary and treasurer of "McKinley Coal Company," from the Monongahela Company and all other property and effects of "McKinley Coal Company" in their possession or control, or disposed of by them, are assets of "McKinley Coal Company" for the payment of its debts.

2. The 940 shares of the preferred stock of the Monongahela Company, now held by the defendant, Ernest H. McKinley, in his own name, are the property of "McKinley Coal Company," and assets for the payment of its debts.

3. The burden of proof is on the defendants, William H. McKinley, president, and Ernest H. McKinley, secretary and treasurer of "McKinley Coal Company," to show that the debts alleged to have been paid by them were bona fide debts of the corporation, contracted by it in the usual course of business and within its power to contract.

4. The moneys deposited in the People's Bank in the name of "McKinley Coal Company" are prima facie the property of the corporation.

5. The debts contracted in the name of "McKinley Coal Company" are prima facie the debts of "McKinley Coal Company" for which the defendant, William H. McKinley, was personally liable, and said debts cannot be allowed as debts of the corporation, "McKinley Coal Company," without

proof that the same were authorized or approved by the directors thereof, or that the corporation used the property or money which was the consideration of said debts.

6. The defendant, William H. McKinley, having the books of "McKinley Coal Company" in his possession and control at the time this suit was brought, and having sent them out of the state beyond the reach of the process of this court, and having refused to produce said books in court, when required by the subpœna and order of the court, alleging he did not know where they were or what had become of them, was a gross disregard of his duty, and it must be presumed that if said books were produced they would contain evidence against the defense set up by him that he had applied all of the assets of the company to the payment of its debts, and his evidence as to the debts of the company and the payment thereof by himself must be regarded as very unsatisfactory.

7. Having found that there are sufficient assets of "McKinley Coal Company" in the hands of William H. McKinley and Ernest H. McKinley, or improperly disposed of, to pay the debt of the plaintiff, we must order and decree that the defendants, William H. McKinley and Ernest H. McKinley, apply so much of said assets as will be sufficient to pay the plaintiff's judgment in full, and that the injunction heretofore granted be made perpetual.

*Error assigned* was the decree of the court.

*H. L. Castle*, of *Stone & Stone*, with him *H. S. McKinley*, for appellant.

*Levi Burd Duff*, with him *L. B. D. Reese*, for appellee.

PER CURIAM, November 4, 1904:

There is nothing in this case but disputed questions of fact, and the judgment is affirmed on the conclusions of the court below.