# Jones *v.* Weir, Appellant.

*Appeals—Assignments of error—Statement of error—Equity practice.*

Rule 92, by its terms, contemplates the filing of assignments of error in the appellate court, notwithstanding the fact that a statement of errors has been filed in the court below.

Assignments of error are defective if they do not set out the decree of the court totidem verbis, and if they include a reference to two separate decrees; or if they do not set out separately and in full the exception which it is alleged is not acted upon; or if they do not set out the exceptions dismissed, or the evidence admitted and rejected, and if they embrace more than one point; or if they allege an extract from the opinion of the court below which is not in the decree.

*Appeals—Findings of fact—Evidence—Misrepresentations.*

Where a finding of fact as to misrepresentations is based upon the testimony of the plaintiff, his wife and a disinterested third party, such finding, although contradicted by the testimony of the other side, will not be disturbed by the appellate court, in the absence of manifest error.

*Partnership—False representation—Rescission—Equity.*

Where one is induced to form a partnership by the false representation of another, the court will, upon the prompt application of the injured party, after the deceit becomes known, rescind the contract of partnership, and compel repayment of whatever sum may have been improperly obtained; and this is the case although the false representation may in fact have resulted in no financial loss to the party to whom it was made.

Where a contract of partnership has been obtained by misrepresentation, it is for the party deceived to elect whether he will be bound by it or not, and if he chooses to rescind, a court of equity will set the contract wholly aside, and appoint a receiver to take charge of the partnership effects.

*Receivers—Injunction—Equity.*

The appointment of a receiver always operates as an injunction, for the court will not suffer its officer to be interfered with by anyone.

MITCHELL, C. J., and FELL and ELKIN, JJ., dissent.

Argued May 14, 1906. Reargued Jan. 18, 1907. Appeal, No. 52, Jan. T., 1906, by defendant, from decree of C. P. York Co., Aug. T., 1905, on bill in equity in case of Simeon M. Jones v. Thomas Weir. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to dissolve a partnership and for a receiver. See Jones v. Weir, 213 Pa. 135.

From the record it appeared that defendant bought the York Candy Company's factory for $51,000 worth of the American Stogie Company's stock at par, paying no cash, but giving a mortgage on Altoona property for $20,000. Weir induced Jones to agree to pay $25,500 for a half interest in this property, and enter into partnership and pay $5,000 more towards working capital, upon the statement that he, Weir, had paid the $51,000 in cash. Upon discovering the deception Jones filed his bill, asking for rescission of the contract, dissolution

of the partnership, injunction, and the appointment of a receiver until final accounting.

The court entered a decree rescinding the contract of partnership and appointing a receiver.

No assignments of error were filed, but there was printed in the appellant's paper-book under the caption, "Brief Statement of Errors," the following :

A brief statement of errors alleged by the defendant to have been made by the order and decree of the court in the above-named case (which order and decree were filed January 15, 1906), and which the defendant appeals from.

1. The learned court erred in appointing a receiver and granting and continuing an injunction against the defendant, as the evidence adduced was insufficient in law and in fact to warrant the appointment of a receiver or the granting of an injunction.

2. The learned court erred in not passing upon the exceptions filed to his finding of facts and law separately.

3. The learned court erred in dismissing the defendant's exceptions to the court's findings of facts and conclusions of law, and the admission and rejection of evidence.

4. The learned court erred in his reasons stated for dismissing the exceptions filed by the defendant, as follows : " The exceptions were argued at length before us on Monday, January 8, 1906. We have not been convinced of any error committed by the court as set out in either of said exceptions. As to the 58th exception, it may be said in support of the court's ruling that it is not a material question under the pleadings whether the plant was worth more or less than the amount of the mortgage and the price named, $51,000, in all $70,000 to $80,000, as the defendant offered to prove, but whether or not the signature of the plaintiff was obtained by false and fraudulent representations. The real value of the plant is not in issue, and the evidence therefore was properly excluded."

5. The learned court erred in his reason stated as follows : " It was not alleged in the bill, or at any time contended by plaintiff's counsel, that the plant was not of the value of $51,000 and the amount of the mortgage," and the learned court erred in stating that " the real value of the plant is not in issue, and the evidence was therefore properly excluded."

6. The learned court erred in decreeing as follows : " And now, January 15, 1906, this cause came on to be further heard (on the exceptions filed) at this term and was argued by counsel and thereupon, on consideration thereof, it is ordered, adjudged and decreed that the exceptions to the findings of facts and conclusions of law and the admission and rejection of evidence be dismissed, and that the decree of the court made December 4, 1905, be and the same is hereby confirmed."

7. The learned court erred in refusing to dissolve the injunction and dismiss the receiver at the costs of the plaintiff.

8. The learned court erred in appointing the Security Title and Trust Company of York, Pa., receiver of the Thomas Weir Candy Company.

9. The learned court erred in granting an injunction against Thomas Weir as prayed for by the plaintiffs in their bill.

*Thomas H. Greevy* and *N. Sargent Ross,* of *Ross & Brenneman,* for appellant.—Fraud without resultant pecuniary damage is not ground for the exercise of remedial jurisdiction, equitable or legal ; courts of justice do not act as mere tribunals of conscience to enforce duties which are purely moral : 2 Pomeroy's Equity Jurisprudence (2d ed.), sec. 898 ; Marr's Appeal, 78 Pa. 66 ; Eaton on Equity, 299 ; Bunn, Raiguel & Co. v. Ahl, 29 Pa. 387 ; Graham v. Pancoast, 30 Pa. 89 ; Rockafellow v. Baker, 41 Pa. 319 ; DuBois Boro. v. Waterworks Co., 176 Pa. 436.

*Henry C. Niles* and *Edward B. Scull,* with them *George E. Neff,* for appellee.—The formation of a corporation, and a fortiori a copartnership, establishes a relation of necessary trust and confidence requiring good faith, truth and frankness, the violation of which will warrant the interposition of a court of equity with the appropriate remedy : Simons v. Vulcan Oil & Mining Co., 61 Pa. 202 ; McElhenny's App., 61 Pa. 188 ; Densmore Oil Co. v. Densmore, 64 Pa. 43 ; Lungren v. Pennell, 10 W. N. C. 297 ; Cortes Co. v. Thannhauser, 45 Fed. Repr. 730 ; Short v. Stevenson, 63 Pa. 95 ; Burns v. McCabe, 72 Pa. 309 ; Yeaney v. Keck, 183 Pa. 532.

The false statement as to the cost to Weir, by which Jones was induced to enter into the confidential relationship, is in

itself sufficient to cause the cancellation of the agreement and dissolution : Cortes Co. v. Thannhauser et al., 45 Fed. Repr. 730 ; Short v. Stevenson, 63 Pa. 95 ; Rich v. Black, 173 Pa. 92 ; McCutcheon v. Smith, 173 Pa. 101.

Where a person is induced by the false representation of others to become a partner with them, the court will rescind the contract of partnership at his instance, and will compel them to repay him whatever he may have paid them, with interest, and to indemnify him against debts, etc. : Lindley on Partnership, star page, 482 ; Richards v. Todd, 127 Mass. 167 ; Howell v. Harvey, 5 Ark. 270 ; Ingraham v. Foster, 31 Ala. 123.

Opinion by Mr. Justice Potter, April 1, 1907 :

The record in this case does not show that any assignments of error have been filed by the appellant, as required by rule 11. It is true that he filed in the court below a brief statement of errors, in accordance with equity rule 92, which statement has been substituted in the place of the assignments of error. But rule 92, by its terms, contemplates the filing of assignments of error in the appellate court, notwithstanding the fact that a statement of errors has been filed in the court below. This was expressly pointed out in Croasdale v. Von Boyneburgk, 206 Pa. 15, where our Brother Mestrezat said (p. 24) : "No assignments of error were filed in this case and the appellee would have been entitled on motion to a judgment of non pros under rule 11. The learned counsel for the appellant misapprehended the purpose of rule 92, which requires the appellant to file in the court below 'a brief statement of the errors he alleges to have been made by the order or decree appealed from.' This, however, does not relieve the appellant from his duty under rule 11 to 'specify in writing the particular errors which he assigns and to file the same in the prothonotary's office' of this court. On an appeal, we can consider only such errors in the record as have been properly assigned under the last mentioned rule. A failure to observe either of these rules may, at the instance of the other party or on the court's own motion, impose on the offending party the penalty of having his writ non prossed."

In the present case, if we attempt to treat the "brief state-

ment of errors" as a substitute for assignments of error, we
find it is not in proper form.    It is defective (1) in not setting
out the decree of the court totidem verbis, and in including a
reference to two separate decrees ; (2) in not setting out sepa-
rately and in full the exceptions which it is alleged were not
acted upon ; (3) in not setting out the exceptions dismissed, or
the evidence admitted and rejected, and embracing more than.
one point ; (4) in alleging as error an extract from the opinion
of the court below, which is not in the decree.    The opinion
cannot be assigned as error.    Complaint is also made of error
in the final decree ; but this decree merely dismissed the ex-
ceptions to a former decree, and confirmed it.    Neither the
exceptions dismissed nor the decree which was confirmed are
set out.    But in the absence of a motion to quash, and in order
to end a litigation already unduly prolonged, we will treat this
appeal as though it were regularly here.

The bill alleged that plaintiff had been induced to enter into
a partnership agreement with the defendant, and to pay the
sum of $5,700 on account of his contribution to the firm, by
false and fraudulent representations made to him by defend-
ant.    The alleged false representation made by defendant to
plaintiff, as an inducement to him to enter into the contract,
and purchase a half interest upon that basis, was that he (the
defendant) had paid for the plant of the York Candy Company,
$51,000, " in cold cash," when the fact was that he had paid
for it in stock of the American Stogie Company, which he had
purchased for $20,000 only.

Plaintiff testified that he would not have entered into the
partnership agreement or made the cash payments if he had
known that the consideration for the property at York had been
paid in stogie stock, and not in " cold cash," as represented by
defendant ; that he went into the business relying on the judg-
ment of defendant in paying $51,000 for the plant, and, there-
fore, believed he was taking no risk in investing his money, in
one-half of the interest, based on defendant's good judgment.
Plaintiff first learned on May 31 that defendant's representa-
tions had been false, and on the same day he made a written
demand for an accounting.    On June 2 this bill was filed.

Under the pleadings, the case turns mainly upon the ques-
tion of fact, as to whether or not the defendant did as an in-

ducement to plaintiff to enter into the partnership and purchase a one-half interest upon that basis, represent that he paid for the York Candy Company's plant the sum of $51,000 in "cold cash." It is admitted that if such a representation was made by defendant to plaintiff, it was untrue. The plaintiff was corroborated in his allegation as to this representation, by two witnesses, one being his wife, and the other a disinterested third party. The trial judge having the parties and witnesses before him, found as a fact, that the false and fraudulent representation was made. This finding was not only supported by ample testimony, but it is sustained by the weight of the evidence, and, under such circumstances, we have said many times that a finding of fact will not be disturbed by the appellate court: McPherran's Est., 212 Pa. 425 ; First National Bank v. Coal Co., 210 Pa. 76 ; Gundaker v. Ehrgott, 209 Pa. 284 ; Byers v. Byers, 208 Pa. 23.

The law is well settled that where one is induced to form a partnership, by the false representation of another, the court will, upon the prompt application of the injured party, after the deceit becomes known, rescind the contract of partnership, and compel repayment of whatever sum may have been improperly obtained. See Lindley on Partnership, 2d Am. Ed. 482; Richards v. Todd, 127 Mass. 167; Ingraham v. Foster, 31 Ala. 123. The general rule is thus stated in 22 Am. & Eng. Ency. of Law (2d ed.), 209 : "Where a partner has been led into a partnership by means of fraud and deceit, he may maintain a suit in equity for a dissolution, even though he proves no pecuniary damage; or he may maintain a suit to rescind the contract, and require his partner to place him in statu quo provided, of course, he has not ratified the contract after knowledge of the fraud. And in Smith v. Everett, 126 Mass. 304, Justice Gray in discussing this principle, said: "Upon the allegations in the bill, which are admitted by the demurrer, the defendant, by false and fraudulent representations as to the extent of his business, induced the plaintiff to enter into a partnership with him for a definite period, which would make the plaintiff liable to creditors as a partner. Against such liability by reason of the defendant's fraud, a court of law could afford the plaintiff no adequate remedy. Equity has, therefore, jurisdiction to order the partnership articles to be can-

celed, and to restrain the defendant from using the plaintiff's name as a partner; and having obtained jurisdiction for that purpose, may administer complete relief in the same suit, by ordering the defendant to repay the sums advanced or expended by the plaintiff on account of the partnership."

During the trial defendant made an offer to prove that the plant purchased by him from the York Candy Company was worth as much or more than the amount he stated he had paid for it in cash, $51,000. But the court excluded the offer as immaterial. An exception was taken, but there is no assignment of error to the ruling, and the question is not properly before us. But counsel for appellant raise the same point in the argument by contending that if the property was worth the amount stated, no pecuniary damage was suffered by the plaintiff, and he is not, therefore, entitled to relief in this action. But the attitude of partners toward each other is one which demands implicit fairness and good faith. No man ought to be compelled to remain in partnership with one who has deceived and tricked him, at the very outset of their career and at the inception of their mutual relations.

" The relation of partners is one implying the highest degree of mutual confidence. By such relation each becomes the custodian, not only of the property, but to a great degree of the character and business standing of the other. For the court, therefore, in an equitable action, to uphold a contract consummated by fraud, and thus, as between the deceiver and the deceived, to bind the property and character of the latter, would seem to be not only inequitable, but oppressive. Nor should the relation be continued until the injured and deceived party has been subjected to actual loss, which he may prove in dollars and cents. When he appeals to the court for relief and establishes the fraud, he should be relieved from the hazard of a business combination into which he had been inveigled by fraud and misrepresentation: " Harlow v. LaBrum, 82 Hun, 292 (298).

It having been determined that the contract of partnership in this case was obtained by misrepresentation, it was for the plaintiff as the party deceived, to elect whether he would be bound. He has chosen to rescind. He has testified that he would not have entered into the contract at all had he known

the facts as to the purchase of the plant by the defendant. How, then, is it possible, with any justice, to enforce the contract against him in any part? The learned court below was undoubtedly right in setting the contract wholly aside. As to the appointment of a receiver for partnership property, at the instance of one of the partners, this court said, in Sloan v. Moore, 37 Pa. 217, by Justice STRONG, "When a dissolution is intended, or has already taken place, a court of equity will always appoint a receiver, provided there be some breach of the duty of a partner or of the contract of partnership. See cases collected in Collier on Partnership, 354, n. 4. Indeed, it is difficult to see how the necessity of a receiver can be avoided, on the dissolution of a partnership, when the parties cannot agree as to the disposition of the joint effects, for no one has a right to their possession and control superior to that of the other." In the present case the court below gave to the defendant every opportunity to effect a settlement with the plaintiff, but without result. Nothing remained then but to appoint a receiver. The injunction followed as a matter of course.

In 2 Lindley on Partnership, pp. 538, 539, it is said : "The appointment of a receiver always operates as an injunction, for the court will not suffer its officer to be interfered with by any one." And in Sloan v. Moore, 37 Pa. 217, cited above, Justice STRONG further said (p. 224) : " The reasons for the appointment of a receiver apply with equal force to justify the injunction. Indeed, the decree making the latter perpetual was a necessary consequence of putting the partnership property into the hands of the receiver."

The decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.

MITCHELL, C. J., dissenting :

The assignments of error are in violation of the rules of court and the appeal might be dismissed on that ground. But as the court has concluded to consider and decide the case I would reverse the judgment.

The value of the manufacturing plant, the subject of the controversy, was relevant and very material on the question of fraud. If the appellant in good faith believed it worth

$51,000 and could show that it, or the stock he gave for it, was in fact worth that amount, then there was no actual fraud, and the representation that he had paid for it in cash was a subordinate circumstance not sufficient to rescind the purchase, though it would justify Jones in dissolving the partnership if he thought it of importance enough to destroy that confidence which the partnership relation requires. A bill for that purpose would, however, have sustained a decree for dissolution only from the filing of the bill, and with a due regard for the rights of both parties. The injunction and the appointment of a receiver were not only irregular and improvident, but highly unjust and injurious in that they practically confiscated the appellant's property on a charge of fraud which may have been perpetrated but which certainly was not proved and which the appellant was denied the opportunity of disproving.

FELL and ELKIN, JJ., join in this dissent.